1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8

JERIAH BACKER and Z.B., by and through     )
his Guardian ad Litem, JERIAH BACKER,      )  Case No. 1:13−CV−01552 AWI−GSA

9                                            )
                                             )
                       Plaintiffs,           )  ORDER AUTHORIZING

10                                           )  DISCLOSURE OF PERSONALLY
v.                                           )  IDENTIFIABLE INFORMATION

11                                           )
UNITED STATES OF AMERICA and DOES            )  (DOC. 22)

12   1 through 10, Inclusive,                )
                                             )

13                     Defendants.           )
                                             )

14

15
16

**INTRODUCTION**

17       Plaintiffs Jeriah Backer and Z.B., by and through his Guardian ad Litem, Jeriah Backer

18   (collectively "Plaintiffs"), brought this action against the United States pursuant to the Federal Tort

19   Claims Act (FTCA), following the death of Craig Backer, who was the husband of Jeriah Backer and the

20   father of Z.B.  Plaintiffs seek damages for the alleged wrongful death of Craig Backer due to negligence

21   at Department of Veterans Affairs ("VA") medical facilities where he was undergoing medical

22   treatment.  Docs. 3, 18.  Craig Backer also has two other minor sons from a previous relationship, C.B.

23   and T.B., who reside in Florida with their mother.  Docs. 18 at 2, 18-3, 18-4.  These other heirs are not

24   parties to the instant lawsuit.  Pending before the Court is the parties' joint request for a court order

25   "authorizing the VA to provide the last known address for Craig Backer's other heirs to counsel for

26   Plaintiffs for the limited purpose of contacting them about this lawsuit."  Doc. 22 at 2.

27
28   ///

1

**RELEVANT BACKGROUND**

The parties' request for a court order authorizing the VA to release the home address of Craig Backer's other heirs is premised on a motion to dismiss this action filed by the United States. Doc. 18. The motion to dismiss is currently pending before the District Court. In the motion, the United States argues that this wrongful death action must be dismissed because Craig Backer's two other minor sons have not been joined as parties, while California law, which is applied in FTCA actions, requires "[a]n heir who files a wrongful death lawsuit … to join all known heirs in the action."[1] Doc. 18 at 3; *also see Estate of Burkhart v. United States*, C 07-5467 PJH, 2008 WL 4067429 (N.D. Cal. Aug. 26, 2008) (in California, "the wrongful death cause of action is considered joint and indivisible because 'it is subject to the requirement that all heirs should join in the action and ... damages awarded should be in a lump sum,' and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages") (quoting *Helling v. Lew*, 28 Cal.App.3d 434, 438 (1972)). The parties filed the instant request in an effort to enable Plaintiffs' counsel to contact Craig Backer's remaining two heirs, given the United States' claim that the action is subject to dismissal without joinder of those heirs.

**DISCUSSION**

At the outset, the Court notes that the parties have provided only minimal context and explanation regarding the basis of the instant request, leaving the Court to parse the record so as to understand the posture of the case and the justification for the request. Doc. 22. Indeed, the parties

---

[1] The United States' motion to dismiss states as follows:

> This wrongful death action should be dismissed because Plaintiffs, Jeriah Backer and her minor son Z.B., failed to join Craig Backer's two sons from a prior relationship that are necessary parties to this lawsuit. All heirs must bring one lawsuit for wrongful death under California law, and Plaintiffs' failure to include the decedent's two minor sons from a prior relationship— Tyler and Cody Backer—exposes the United States to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

Doc. 18 at 1.

simply assert that the Court should order the VA to provide the other heirs' home address, without properly clarifying why the VA would have such information and why the Court should order its release.  With reference to the record the Court is, however, satisfied that the VA likely is in possession of an address for Craig Backer's two other minor sons and their mother and is amenable to authorizing the release of the mother's address.  *See* Docs. 18-3 (copies of birth certificates of the two minor heirs supplied by the VA) and 18-4 (documentation establishing that the two minor heirs currently receive monthly benefits from the VA).

As detailed by the parties in their joint request, the Privacy Act of 1974 (5 U.S.C. § 552a) as well as other statutes (e.g., 38 U.S.C. § 5701) prohibit the VA from providing address records for Craig Backer's heirs or their mother without a court order.  Doc. 22 at 2.  The parties also state that Plaintiffs' counsel has already "attempted to contact the mother of Craig Backer's other heirs by way of a letter forwarded by the Department of Veterans' Affairs" but was not successful in establishing contact by this means.  Doc. 22 at 1-2.  Finally, the parties attest that without obtaining an order authorizing the release of address records from the VA, they have no means of contacting or notifying Craig Backer's other heirs about this action.  Doc. 22 at 1-2.

The Court has considered the potential relevance of the information being sought to the claims at issue in the case; the parties' representations that they "wish to protect the privacy rights of Craig Backer's others heirs from unauthorized and/or unnecessary disclosure" and that any information obtained pursuant to the court's order will be used for the limited purpose outlined in their joint request; the parties' representation that without a court order, "there is no other means of contacting or notifying Craig Backer's other heirs about this action;" and the fact that in the absence of a court order disclosure of VA records is restricted under applicable privacy laws.  These factors all militate in favor of granting the parties' joint request, albeit since Craig Backer's other heirs are currently minors, at the present time the Court will only authorize disclosure of an address for their mother or legal guardian.  *See* Docs 18-3 (copies of birth certificates of the two minor heirs).

3

The granting of the parties' request does not reflect a determination that these other heirs are necessary parties to this law suit under Rule 19 of the Federal Rules of Civil Procedure.  That particular question is not before this Court, and the Court does not address it here.  Rather, the Court grants the instant request because locating Craig Backer's additional minor heirs is warranted in light of the present posture of this case.  *Cf. Estate of Burkhart v. United States*, C 07-5467 PJH, 2008 WL 4067429 (N.D. Cal. Aug. 26, 2008).

## ORDER

The Department of Veterans Affairs is hereby authorized to provide the last known address of the mother or legal guardian of Craig Backer's minor heirs, C.B. and T.B., to Plaintiffs' counsel Douglas C. Smith and Smith Law Offices, for the limited purpose of facilitating communications regarding the instant lawsuit.


IT IS SO ORDERED.

Dated:   __April 24, 2014__                  _____ **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

4