1

2

3                    UNITED STATES DISTRICT COURT

4                    EASTERN DISTRICT OF CALIFORNIA

5

6    **JERIAH BACKER, and Z.B. a minor by**          **CASE NO. 1:13-CV-1552 AWI GSA**
     **and through his guardian ad litem Jeriah**
7    **Backer,**

8             **Plaintiffs**

9               **v.**                              (Doc. No. 18)

10   **UNITED STATES OF AMERICA, and**
     **DOES 1 through 10, inclusive,**
11
              **Defendant**
12

13          This is a wrongful death case that stems from the death of Craig Backer ("Decedent").

14   Plaintiffs are the surviving wife and minor son of decedent.  The operative complaint is the

15   Original Complaint, which contains a single claim for wrongful death based on medical

16   negligence by the United States Department of Veteran's Affairs.  Before the Court is the United

17   States' Rule 12(b)(7) motion to dismiss.  For the reasons that follow, the motion will be denied.

18          *Background*

19          From the Complaint, Decedent died on April 2, 2010 from complications associated with a

20   brain tumor that was not timely diagnosed and not appropriately treated.  Decedent had various

21   conditions and complaints that were ignored, not properly diagnosed, or not properly treated by

22   either the West Los Angeles Department of Veterans of Affairs Medical Center or the Bakersfield

23   VA Community Clinic (collectively "VA Clinics").  Plaintiffs alleges various acts of negligence

24   by the VA including failure to train healthcare providers, failure to prescribe appropriate

25   mediations, failure to consult with physicians, failure to schedule examinations, failing to follow

26   appropriate procedures, failure to adopt rules/procedures, failure to diagnose and treat, and failure

27   to conduct diagnostic tests.

28          On September 20, 2010, Plaintiffs filed a claim for damages with the Department of

1  Veterans Affairs ("DVA").  On October 23, 2012, the DVA informed Plaintiffs' then counsel,

2  Phillip Levy ("Levy"), that their claim was denied.  Once the claim was denied, Plaintiffs hired

3  current counsel, Douglas Smith ("Smith"), and filed this case on April 22, 2013.

4          The Decedent had two other minor children, C.B. and T.B., when he died on April 2, 2010.

5  See Backer Dec. ¶ 1; Bradshaw Dec. Exs. A, B.   C.B., T.B., and their mother, Karen Farin

6  ("Farin") were notified of the Decedent's death in April 2010.  See Backer Dec. ¶ 4.  Smith has

7  attempted to contact Farin regarding C.B. and T.B. and this lawsuit, but those efforts have been

8  unsuccessful.  See Smith Dec. ¶¶ 7, 8, 9.  Further, Levy informed Smith about C.B. and T.B., and

9  also gave Farin Smith's contact information.  See id. at ¶ 4.  C.B. and T.B. are not parties to this

10  lawsuit.  While Plaintiffs have exhausted the necessary administrative remedies as required by 28

11  U.S.C. § 2675, C.B. and T.B. have filed no claims pursuant to the Federal Tort Claims Act.  See

12  Atkinson Dec. ¶¶ 3, 4; Smith Dec. ¶ 3, 6, 10, 11.

13          *Parties' Arguments*

14          The United States argues that California law requires all heirs be joined as parties to a

15  wrongful death cause of action.  C.B. and T.B. are heirs of the Decedent, but they are not parties to

16  the case.  Since C.B. and T.B. are necessary parties who have not been joined, dismissal is proper.

17          Plaintiffs argue that neither joinder nor dismissal is required.  T.B. and C.B. cannot recover

18  against the United States because they failed to exhaust administrative remedies under the Federal

19  Tort Claims Act, and the time to exhaust has now passed.  Any claims that T.B. and C.B. may

20  have had are now time-barred.  As a result, T.B. and C.B. have no legitimate interest in this suit,

21  and the United States is not subject to incurring multiple liabilities.  The Court should either find

22  T.B. and C.B.'s claims time barred, or join them as involuntary plaintiffs.

23          In reply, the United States responds that it does not oppose either an order finding T.B. and

24  C.B.'s claims to be time barred and thus they are not indispensable, or add C.B. and T.B. as

25  involuntary plaintiffs.  If the former course is taken, the United States would file a motion to

26  dismiss based on the failure to timely exhaust mandatory administrative procedures.[1]

27

28  _____

[1] The parties indicate that a settlement has been agreed, but that resolution of this motion such that the potential claims of C.B. and T.B. are addressed is necessary.

1    *Legal Standard*

2    <u>1.</u>    <u>Rule 12(b)(7)</u>

3    Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal due to the

4    failure to join a necessary party under Federal Rule of Civil Procedure 19.  <u>See</u> Fed. R. Civ. Pro.

5    12(b)(7); <u>Paiute-Shoshone Indians of the Bishop Cmty v. City of Los Angeles</u>, 637 F.3d 993, 1002

6    (9th Cir. 2011).  In deciding a Rule 12(b)(7) motion, courts may consider evidence outside of the

7    pleadings.  <u>See</u> <u>McShan v. Sherrill</u>, 283 F.2d 462, 464 (9th Cir. 1960); <u>Camacho v. Major League</u>

8    <u>Baseball</u>, 297 F.R.D. 457, 461 (S.D. Cal. 2013); <u>Behrens v. Donnelly</u>, 236 F.R.D. 509, 512 (D.

9    Haw. 2006).

10    Rule 19 imposes a three-step inquiry: "(1) Is the absent party necessary (i.e., required to be

11    joined if feasible) under Rule 19(a)?  (2) If so, is it feasible to order that the absent party be

12    joined?  (3) If joinder is not feasible, can the case proceed without the absent party, or is the absent

13    party indispensable such that the action must be dismissed?"  <u>Salt River Project Agric.</u>

14    <u>Improvement & Power Dist. v. Lee</u>, 672 F.3d 1176, 1179 (9th Cir. 2012).  Under the first step, a

15    party may be "necessary" if:  (1) in the party's absence, the court cannot accord complete relief

16    among existing parties; (2) the absent party has an interest in the action and resolving the action

17    without him may impair or impede his ability to protect that interest; and (3) the absent party has

18    an interest in the action and resolving the action in his absence may leave an existing party subject

19    to multiple or inconsistent obligations. <u>See</u> Fed. R. Civ. P. 19(a)(1); <u>Salt River</u>, 672 F.3d at 1179.

20    The third step of the Rule 19 inquiry is one of "equity and good conscience" that requires a

21    "practical examination of the circumstances" and consideration of at least four interests:  (1) the

22    plaintiff's interest in having a forum; (2) the defendant's interest in not proceeding without the

23    required party; (3) the interest of the non-party by examining the extent to which the judgment

24    may as a practical matter impair or impede [its] ability to protect [its] interest in the matter; and (4)

25    the interests of the courts and the public in complete, consistent, and efficient settlement of

26    controversies."  <u>Paiute-Shoshone</u>, 637 F.3d at 997.

27    <u>2.</u>    <u>California Code of Civil Procedure § 377.60 – Wrongful Death</u>

28    The California wrongful death cause of action is a statutory creation, and it is the

3

1    legislature that created and limited the remedy.  Ruttenberg v. Ruttenberg, 53 Cal.App.4th 801,

2    807 (1997).  The purpose of the wrongful death statute is to compensate heirs "for the loss of

3    companionship and for other losses suffered as a result of the decedent's death."  Quiroz v.

4    Seventh Ave. Center, 140 Cal.App.4th 1256, 1263 (2006).  "While each heir designated in section

5    377.60 has a personal and separate wrongful death cause of action, the actions are deemed joint,

6    single and indivisible and must be joined together in one suit."  Corder v. Corder, 41 Cal.4th 644,

7    652 (2007); see Cross v. Pacific Gas & Elec. Co., 60 Cal.2d 690, 692-93 (1964).

8        *Discussion*

9        There is no dispute that both C.B. and T.B. are heirs of the Decedent.  Nor is there a

10   dispute that all heirs must be joined into one wrongful death lawsuit under California law.  See

11   Corder, 41 Cal.4th at 652.  Federal courts have generally held that in wrongful death cases, absent

12   heirs are considered "necessary" parties.  See McMurray v. County of Sacramento, 2012 U.S.

13   Dist. LEXIS 11501, *8-*9 (E.D. Cal. Jan. 31, 2012); A.D. v. California Highway Patrol, 2009

14   U.S. Dist. LEXIS 21194, *12 (N.D. Cal Mar. 17, 2009); Estate of Burkhart v. United States, 2008

15   U.S. Dist. LEXIS 65893, *21 (N.D. Cal. Aug. 26, 2008).  However, courts have also held that

16   where an absent heir's claims are time-barred, the absent heir is not indispensable.  See A.D., 2009

17   U.S. Dist. LEXIS 21194 at *12-*13; Estate of Burkhart, 2008 U.S. Dist. LEXIS 65893 at *21-*22.

18       In both *A.D.* and *Estate of Burkhart*, the Court found that because the absent heir's claims

19   were time-barred, it was equitable and proper to permit the case to go forward without the missing

20   heirs.  In *A.D.*, the court explained:

21       . . . Mr. Eklund [the absent heir] is not an indispensable party. He is not eligible for
         relief due to his failure to timely file an administrative claim, and thus if any relief
22       is awarded it could only go to the named heirs. Likewise, because Mr. Eklund
         cannot claim an interest in the action, any judgment rendered in his absence could
23       not prejudice him. For the same reasons, his absence will not prevent the Court
         from awarding meaningful relief to the present parties. Mr. Eklund, therefore, is a
24       necessary but not indispensable party. The action may proceed in his absence.

25   A.D., 2009 U.S. Dist. LEXIS 21194 at *13.  In *Estate of Burkhart* utilized the same rationale as

26   *A.D.* when it explained:

27       Here, the missing heirs are not eligible for relief, and if any relief is to be awarded,
         it could go only to Sally Burkhart and David Burkhart, who filed timely
28       administrative claims and the present lawsuit. Similarly, the missing heirs cannot

claim an interest in the action. Thus, a judgment rendered in their absence would not prejudice them or the existing plaintiffs, and the absence of the missing heirs would not prevent the court from fashioning meaningful relief.

Estate of Burkhart, 2008 U.S. Dist. LEXIS 65893 at *22.

Under the Federal Tort Claims Act, any person who attempts to bring a tort claim against the United State must file an administrative claim with the appropriate Federal agency within 2-years after the claim accrues.  See 28 U.S.C. § 2401(b); Wong v. Beebe, 732 F.3d 1030, 1033 (2013) (en banc).  Medical negligence and wrongful death claims accrue when the plaintiff has knowledge of the existence of the injury and the likely cause of the injury.  See Outman v. United States, 890 F.2d 1050, 1052 (9th Cir. 1989); In re Swine Flu Prods. Liab. Litig., 764 F.2d 637, 640 (9th Cir. 1985).  The knowledge of a parent is imputed to the child for purposes of § 2401(b).  See Zavala v. United States, 876 F.2d 780, 783 (9th Cir. 1989).

Here, there is a strong indication that C.B. and T.B.'s California wrongful death claims against the United States are time-barred by the Federal Tort Claims Act.  The evidence shows that C.B., T.B., and Farin where informed of the Decedent's death in April 2010.  The evidence also shows that Levy informed Farin of Smith's contact information, which indicates that Levy had informed Farin about a potential lawsuit prior to the filing of the Complaint.  It has been more than 4 years since the Decedent's death in April 2010.  There is no record of C.B. or T.B. filing a Federal Tort Claims Act claim with the Department of Veterans' Affairs, nor is there an indication that C.B. or T.B. have any interest in pursuing a claim based on Decedent's death.  Farin did not contact Smith when Levy gave her Smith's contact information.  Farin apparently left a telephone message with Smith in response to a March 2014 letter from Smith, but Farin has not attempted to return Smith's calls.

At this time, the Court sees no distinction between this case and *Burkhart*, which also involved the Federal Tort Claims Act 2-year limitations period and a claim for wrongful death. Under the rationale of *A.D.* and *Burkhart*, the Court will deny the United States' Rule 12(b)(7) motion because it does not appear that C.B. and T.B. are indispensable parties and it is equitable for this case to proceed.[2]

---

[2] With respect to the parties suggestion that the Court make C.B. and T.B. involuntary plaintiff's pursuant to Rule 19(a)(2), the Ninth Circuit has limited application of Rule 19(a)(2) to cases where "the party sought to be joined has a

1

## **ORDER**

2      Accordingly, IT IS HEREBY ORDERED that Defendant's Rule 12(b)(7) motion to

3  dismiss is DENIED.

4

5  IT IS SO ORDERED.

6  Dated:   August 29, 2014      _____

7                                    SENIOR  DISTRICT  JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

duty to allow plaintiff to use his name in the action."  Caprio v. Wilson, 513 F.2d 837, 839 (9th Cir. 1975); White v.

28  Time Warner Cable, Inc., 2013 U.S. Dist. LEXIS 27683, *22-*24  (D. Haw. Feb. 28, 2013).  The parties have not
made an adequate showing that Rule 19(a)(2) could apply in this case.