UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERIAH BACKER and Z.B., by and through his *Guardian ad Litem*, JERIAH BACKER,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | 1:13-cv-00552-GSA<br><br>**ORDER GRANTING STIPULATED PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR'S CLAIMS**<br><br>(ECF No. 39) |

**I.    INTRODUCTION**

　　　Plaintiff Z.B. is a minor in this action (the "Minor"). Pending before the Court is a Petition for Minor's Compromise filed on January 20, 2015 by Jeriah Backer, *guardian ad litem* for the Minor ("Petitioner"). The Court has reviewed the Petition and its supporting papers and, for the reasons discussed below, ORDERS that the petition be GRANTED and the settlement APPROVED.

///

///

## II.     BACKGROUND

### A. Facts

This case arises out of the death of Craig Backer, the Minor's father, who died after receiving medical services from the Department of Veteran's Affairs (the "VA"). In April 2005, Backer was treated at a VA medical clinic in Los Angeles for a sudden and total loss of hearing in his left ear. A physician placed a note in Backer's medical record indicating that he should receive an MRI to rule out a tumor as the cause of the hearing loss. However, no MRI was taken. Two years later, in June 2007, Backer received a CT scan which revealed a large brain tumor. The tumor would later be determined to have been the cause for Backer's hearing loss.

Backer was admitted to the West LA VA Medical Center and underwent a lengthy surgery in which approximately 95% of the tumor was removed. Backer suffered severe complications in the course of surgery and was hospitalized in an ICU for over 4 months. After release from the ICU he remained hospitalized for an additional 3 months for inpatient rehabilitation. When he was released from the hospital Backer returned home with a permanent tracheotomy and gastric feeding tube. He could not speak, open his mouth, or swallow, and required 24-hour care. He was hospitalized for complications multiple times until 2010, when he contracted pneumonia and died.

Petitioner and Minor asserted a medical malpractice claim against the United States of America. Complaint, ECF No. 3. The United States filed a motion to dismiss the Complaint on February 11, 2014 under Federal Rule of Civil Procedure 12(b)(7). Motion to Dismiss, ECF No. 18. That motion was denied on August 29, 2014. Order Denying Motion to Dismiss, ECF No. 31. On November 6, 2014, the parties indicated that they wished to settle the action. Notice of Settlement, ECF No. 33. The gross settlement amount to be divided between Petitioner and the Minor is $300,000. Stipulated Petition for Approval of Minor's Compromise 3 (the "Petition"), ECF No. 39.

///

///

///

**B.  The Petition**

Petitioners request a total settlement of $100,000. Twenty-five percent (25%), or $25,000, of this amount is to be awarded as attorneys' fees.[1] Petition 3, 6. The remainder of the Minor's settlement proceeds ($75,000) will be placed in an annuity with the Prudential Insurance Company of America. The annuity will make six disbursements: an annual payment of $10,636.25 for five years beginning on the Minor's eighteenth birthday and a final payment of $75,000 on November 20, 2035.[2] The Petition also includes a short description of the terms of counsel's compensation, as well as an explanation of the factors that affected the amount and apportionment of the settlement.

## III.  DISCUSSION

District courts have a duty to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). When litigants who are minors settle a case, this duty requires the Court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.*, quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). The duty to safeguard the interests of minors in settlement has been codified in this Court's Local Rule 202, which provides, in pertinent part:

> (b) **Settlement.**  No claim by . . . a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> (2) . . . The application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

---

[1] Plaintiffs' counsel also seeks to deduct a total of $623 in advanced litigation costs from the settlement, although this amount will be deducted from the Petitioner's portion of the settlement, not the Minor's portion.

[2] The Petition provides two different numbers with respect to the five annual payments to be made to Z.B. Although the Petition itself asks that $10,636.25 per year be paid to Z.B., an exhibit to the Petition lists the desired amount as $10,499.94 per year. The Court will move forward with the analysis assuming the higher amount ($10,636.25) is the correct figure.

. . .

(c) **Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) **Payment of Judgment.** Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

Any settlement must thus be reviewed to determine whether the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the specific facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But "[s]o long as the net recovery to each minor plaintiff is fair and reasonable . . . the district court should approve the settlement as proposed by the parties"; the court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id*.

The Petition, reviewed in conjunction with the record in this case, provides the minimum information required by the Local Rule. The child involved is a 9 year-old boy and the action arises out of a medical malpractice claim asserted (through his *guardian ad litem*) against the Defendant. Petition 1. The Petition suggests that the Minor has suffered from "an abandonment issue believed to be due to the absence of both parents during his father's significant medical issues" but explains that this issue is being satisfactorily resolved with the assistance of an IEP put in place by the Minor's school. No future medical treatment is anticipated. *Id.* at 5.

Although *Robidoux* suggests that courts consider the "recovery in similar cases" when deciding whether the amount of a minor's settlement is fair and reasonable, the parties do not provide cases which match the factual context of this case to justify the figure they have settled on. The Court has thus conducted its own research into the matter. In *de Aguilar v. Northern Railroad Passenger Corp.*, No. 1:02-cv-6527 LJO GSA, 2009 WL 1035221 (E.D. Cal. Apr. 17, 2009), for example, a minor was awarded a net total of $10,618.23 in a wrongful death suit that

arose out of the death of the minor's step-father in a train accident. In a more recent case, a minor received approximately $35,000 based on the death of the minor's stepfather because of inadequate medical treatment by prison staff. *Hagan v. Cal. Forensic Medical Group*, No. CIV S-07-1095 LKK, 2012 WL 5397989 (E.D. Cal. Nov. 2, 2012).[3] Based on the amounts specified by these cases, and based on the factual circumstances the Petition describes, it appears that the proposed amount of the settlement is fair and reasonable.[4]

The Petition's disclosure of interest suggests that the terms of the settlement are fair and reasonable. The Minor is represented in this case by the Douglas C. Smith of the Smith Law Offices, APC. Although the Petition does not specify the specific services and costs the firm has incurred as a result of the litigation, it is apparent from the Court's docket that the litigation, which originally began in April 2013, has involved at least some discovery. The litigation has also involved law and motion work (including at least one dispositive motion). Given the duration of this case, as well as the amount of work done by Plaintiffs' counsel and the contingency fee agreement, the amount of attorneys' fees and costs sought is reasonable and does not suggest that the settlement was unfair or created a conflict of interest for Plaintiffs' counsel.

The method of disbursement of the settlement also appears to be fair, reasonable, and within the bounds of applicable law. Under Local Rule 202(e), payment of a minor's settlement must be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor."

Under California law, courts can use a wide variety of methods for the disbursement of settlement funds to a minor. Cal. Prob. Code § 3610. Included amongst the statutorily approved methods, for example, a court may order that the "balance of any money paid or to be paid be deposited in an insured account in a financial institution in this state, or in a single-premium

---

[3] *Hagan* also surveys a number of other comparable cases and finds figures ranging between $0 and $225,000. *Hagan*, 2012 WL 5397989 at *1 n.4.

[4] The Petition also notes that the claims in this action are subject to the Medical Injury Compensation Reform Act ("MICRA"), which places a $250,000 cap on general damages and presumably influenced the amount of the settlement. Petition 5:24-25.

deferred annuity, subject to withdrawal only upon the authorization of the court, and that the remaining balance of any other property delivered or to be delivered be held on conditions the court determines to be in the best interest of the minor." Cal. Prob. Code § 3611(b). The Court also has authority to authorize interim disbursements of funds, where necessary. Local Rule 202(f). Here, the Petition requests the Minor's settlement be placed in a Prudential annuity, as explained above. Based on the verified Petition, as well as the declaration and other exhibits attached thereto, this disbursement appears to be in the best interests of the Minor.

The Court finds that the Petition, along with the record, includes the information required by Local Rule 202(b)(2), (c), the standards laid out in *Robidoux*, and addresses the required details of the proposed compromise. The Court thus finds that the proposed settlement for the Minor is fair, reasonable, and proper.

## IV.     ORDER

Based on the foregoing, the Court GRANTS the Stipulated Petition for Approval of Minor's Compromise Claims (the "Petition"). Specifically, IT IS HEREBY ORDERED that:

1. The settlement of minor Z.B.'s claims against the Defendant in the amount of $100,000 (with $75,000 to be used to fund an annuity as described herein and $25,000 to be awarded as attorney's fees) is APPROVED; and,

2. Defendant will pay $75,000 of the $100,000 to the Atlas Settlement Group Inc., which will fund an annuity from Prudential Insurance Company of America for the benefit of Z.B.; and,

3. Annuity disbursements are to be made payable and be issued directly to:
    a. Z.B. in the amount of $10,636.25 yearly for five years beginning on November 20, 2023; and,
    b. Z.B. in the amount of $75,000 on November 20, 2035.
    c. Except as set forth herein, there shall be no access to any of the funds allocated to the Minor until the specified dates, absent a Court order.

4. The parties shall submit proof of the funding of the above referenced annuity to the Court within sixty (60) days; and,

5. The request for attorneys' fees in the amount of $25,000 is APPROVED; and,

6. All claims against the Defendant will be dismissed with prejudice by a separate order to be submitted by the parties. Plaintiff's counsel will submit such dismissal within five (5) days after: (a) payment of the agreed settlement amount is made; and (b) the required proof outlined in paragraph 4 has been submitted to the Court.

IT IS SO ORDERED.

Dated: __February 19, 2015__                    _____/s/ Gary S. Austin_____
                                                UNITED STATES MAGISTRATE JUDGE